UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

————————————————— x
:
IN RE EATON VANCE CORPORATION         :   No. 01 CV 10911 EFH
SECURITIES LITIGATION                 :
:
:
————————————————— x

*E.J.H.*

[~~PROPOSED~~] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE TO THE CLASS

WHEREAS:

A.   Lead Plaintiffs Donald Chesner, Elizabeth Chesner, the Sophie B. Bialeck Trust, and Woodson W. Bassett, Jr., on behalf of themselves and the certified Class, Plaintiff Neil Macy, and Defendants Eaton Vance Corp., EV Classic Senior Floating-Rate Fund ("EV Classic"), Eaton Vance Prime Rate Reserves ("Prime Rate"), Eaton Vance Management, James B. Hawkes, James L. O'Connor, Scott H. Page, Payson F. Swaffield, M. Dozier Gardner, Jessica M. Bibliowicz, Donald R. Dwight, Samuel L. Hayes, Norton H. Reamer, Lynn A. Stout, John L. Thorndike, and Jack L. Treynor (collectively, the "Defendants") have entered into a Settlement of the claims asserted in the Action, the terms of which are set forth in a Stipulation of Settlement and annexed exhibits dated December 20, 2005 (collectively, the "Settlement Agreement");

B.   Lead Plaintiffs and Defendants have moved, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the terms and conditions of the Settlement Agreement and directing the issuance of notice to the Class in accordance with the Settlement Agreement; and

C.   The Court, having read and considered the Settlement Agreement, including the proposed Notice of Proposed Settlement of Class Action and Fairness Hearing (the "Notice"), the

proposed Summary Notice of Proposed Settlement of Class Action and Fairness Hearing (the "Summary Notice"), the Special Notice to Class Members who Previously Requested to be Excluded from the Class and Request for Revocation of Exclusion (the "Special Notice"), the proposed Claim Information Form, and the proposed Final Judgment and Order of Dismissal with Prejudice, finds that substantial and sufficient grounds exist for entering this Preliminary Approval Order.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. This Preliminary Approval Order incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement.

2. The Court preliminarily approves the Settlement of this Action on the terms and conditions set forth in the Settlement Agreement as being sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Fairness Hearing described below.

3. A hearing (the "Fairness Hearing") will be held on __4/26/2006__, 2006 at _2:00 p_.m. in Courtroom 13 of the United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, to consider, among other things, whether the proposed Settlement of the Action on the terms and conditions provided in the Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court; whether the proposed Plan of Allocation of the Net Settlement Fund is fair, reasonable, and adequate and should be approved by the Court; whether a Final Judgment substantially in the form of Exhibit B to the Settlement Agreement should be entered in this Action; and to consider Lead Counsel's application for a Fee and Expense Award to Plaintiffs' Counsel and for an award of costs and expenses to one or more Lead Plaintiffs. The Court

expressly reserves the right to adjourn the Fairness Hearing from time to time without any further written notice to Class Members.

4. The Court approves the form, substance, and requirements of the Notice, the Summary Notice, and the Special Notice (together, the "Notices") and the Claim Information Form annexed hereto, and finds that the procedures established for publication, mailing, and distribution of the Notices, as set forth in paragraphs 5 and 8 of this Preliminary Approval Order: (a) constitute the best notice practicable under the circumstances and are reasonably calculated to apprise Class Members of the proposed Settlement and their right to object thereto; (b) constitute reasonable, due, adequate, and sufficient notice of the Fairness Hearing and of the rights of persons and entities in the Class with respect thereto; and (c) meet all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, the Rules of this Court, and any other applicable law.

5. The Court appoints Complete Claim Solutions, Inc. (the "Claims Administrator") to administer the notice procedure as well as the processing of claims under the supervision of Lead Counsel, as more fully set forth below:

(a) Not later than forty-five (45) days after the entry of this Preliminary Approval Order (the "Notice Date"), the Claims Administrator shall cause copies of the Notice and the Claim Information Form, substantially in the forms annexed hereto as Exhibits 1 and 2, respectively, to be mailed by first-class mail, postage prepaid, to all potential Class Members that can be identified with reasonable effort;

(b) Not later than the Notice Date, the Claims Administrator shall cause copies of the Notice and Special Notice, substantially in the forms annexed hereto as Exhibits 1 and 4, respectively, to be mailed by first-class mail, postage prepaid, to all persons who previously

submitted timely, valid written requests for exclusion in response to the Notice of Pendency of Class Action mailed to Class Members beginning on October 29, 2004; and

(c) Not later than ten (10) days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form annexed hereto as Exhibit 3, to be published once in the national edition of *Investor's Business Daily* and once on the *PR Newswire*.

6. No later than seven (7) days prior to the Fairness Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of the mailings and publication required in paragraph 5 of this Preliminary Approval Order.

7. The Eaton Vance Defendants, other than EV Classic or Prime Rate, shall be responsible for the payment of up to $200,000.00 in Notice and Administration Expenses and shall pay such amounts promptly upon and subject to presentment of documentation evidencing such expenses. Also, following the funding of the Escrow Account, Lead Counsel may seek approval from Defendants or the Court to pay Notice and Administration Expenses in excess of $200,000.00 out of the funds in the Escrow Account.

8. The Claims Administrator shall ask nominees that hold shares of EV Classic that were purchased during the Class Period to mail copies of the Notice and the Claim Information Form to the beneficial owners of those EV Classic shares within ten (10) days after receipt thereof, or to send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail copies of the Notice and Claim Information Form to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses, or other nominees for any reasonable out-of-pocket expenses they incur in mailing notices to beneficial owners of EV Classic shares who are potential Class Members. Said reimbursement shall be payable out of the Settlement Fund and shall be

limited to out-of-pocket expenses that would not have been incurred except for the sending of such notices. Any dispute concerning such reimbursement shall be resolved by this Court.

9. The Court finds that it is not necessary or appropriate, under Federal Rule of Civil Procedure 23(e)(3), to afford Class Members who already received the Notice of Pendency, and who elected not to request exclusion from the Class by submitting a valid and timely written request for exclusion in response to the Notice of Pendency, a new opportunity to request exclusion. Accordingly, any potential Class Member who did not submit a valid and timely written request for exclusion from the Class in response to the Notice of Pendency is a Class Member and shall be bound by all of the terms and provisions of the Settlement Agreement, including the Releases defined in Section 7 thereof, and by all proceedings, rulings, orders, and judgments in this Action.

10. Any potential Class Member who previously submitted a valid and timely written request for exclusion in response to the Notice of Pendency and who now wishes to withdraw his, her, or its request for exclusion and rejoin the Class must, pursuant to the Special Notice, mail by first-class mail or deliver a completed Request for Revocation of Exclusion from the Class to the Claims Administrator, at the address provided in the Special Notice, that is postmarked or delivered no later than twenty-one (21) days before the Fairness Hearing, or as the Court may otherwise direct.

11. Any potential Class Member who timely and validly withdraws his, her, or its request for exclusion shall be a Class Member and shall be bound by all of the terms and provisions of the Settlement Agreement, including the Releases defined in Section 7 thereof, and by all proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable to the Class.

12. Any Class Member who wishes to participate in the distribution of the Net Settlement Fund must sign and return a completed Claim Information Form in accordance with the instructions contained therein and in the Notice. All Claim Information Forms must be submitted by first-class mail, postmarked no later than __5/31__, 2006 or such other time as may be set by the Court.

If a Class Member chooses to return his, her, or its Claim Information Form in a manner other than by first-class mail, then it must be actually received at the address on the Claim Information Form no later than $5/31$ ____, 2006 or such other date as may be set by the Court. Except as otherwise ordered by the Court, any Class Member who fails to return a timely and signed Claim Information Form consistent with the procedures set forth in Section 5 of the Settlement Agreement shall be barred from receiving a distribution of the Net Settlement Fund, but shall nevertheless be bound by and subject to the Settlement Agreement, the Final Judgment, and all proceedings, rulings, orders, and judgments in this Action, including, without limitation, the release of the Released Claims and the dismissal with prejudice of this Action. Notwithstanding the foregoing, Lead Counsel may, in their sole discretion, accept for processing late claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.

13. Any Class Member may enter an appearance in the Action, individually or through counsel of his, her or its own choice, at his, her or its own expense. Any Class Member who chooses not to enter an appearance in the Action will be represented by Lead Counsel.

14. Pending final determination of whether the Settlement should be approved and the Court's entry of the Final Judgment, neither Plaintiffs nor any other Class Member, either directly, representatively, or in any other capacity, shall (a) institute, commence or prosecute any action or proceeding against any of the Defendants or Released Persons, in any court or tribunal, that asserts any of the Released Claims; or (b) notice or pursue any appeal of any order or ruling of the Court in this Action entered prior to the Execution Date of the Settlement Agreement, including, but not limited to, the Court's class certification decisions.

15. Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to any terms of the proposed Settlement Agreement, to the Plan of Allocation, or to Lead Counsel's request for a Fee and Expense Award must file with the Court (c/o Clerk of the

Court, United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210), in the manner provided in the Notice and no later than fourteen (14) days before the Fairness Hearing or as the Court may otherwise direct, notice of the Class Member's intention to object, the grounds for such objection, and all papers the Class Member intends to present to the Court in opposition to the Settlement Agreement, the Plan of Allocation, or Lead Counsel's request for a Fee and Expense Award, including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of his, her or its objection. In addition to filing such papers and materials with the Court, the Class Member must serve copies of such papers and materials, in the manner provided in the Notice, upon each of the following Lead Counsel and Defendants' Counsel:

>	Joel H. Bernstein, Esq.
>	David J. Goldsmith, Esq.
>	LABATON SUCHAROW & RUDOFF LLP
>	100 Park Avenue
>	New York, NY 10017-5563
>
>	Jeffrey A. Klafter, Esq.
>	KLAFTER & OLSEN LLP
>	1311 Mamaroneck Avenue, Suite 220
>	White Plains, NY 10605
>
>	Paul J. Geller, Esq.
>	Jack Reise, Esq.
>	LERACH COUGHLIN STOIA
>	  GELLER RUDMAN & ROBBINS LLP
>	197 South Federal Highway, Suite 200
>	Boca Raton, FL 33432
>
>	*Co-Lead Counsel for Lead Plaintiffs*
>
>	Charles Lee Eisen, Esq.
>	Glenn R. Reichardt, Esq.
>	KIRKPATRICK & LOCKHART NICHOLSON
>	  GRAHAM LLP
>	1800 Massachusetts Avenue, N.W.

Washington, D.C. 20036

J. Anthony Downs, Esq.
Stuart M. Glass, Esq.
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts 02109-2881

*Counsel for Defendants*

16.    Any Class Member may file an objection of the nature described in paragraph 15 on his, her or its own or through an attorney hired at his, her or its own expense. Any Class Member who files and serves such an objection may, but is not required to, appear at the Fairness Hearing, either in person or through an attorney hired at the Class Member's own expense. If a Class Member hires an attorney to represent him, her or it at the Fairness Hearing, the attorney must file a notice of appearance with the Clerk of the Court and deliver a copy of that notice to Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 15 of this Order, no later than fourteen (14) days before the date of the Fairness Hearing.

17.    Persons who intend to object to the Settlement <u>and</u> present evidence at the Fairness Hearing must include in their written objections the identity of any witnesses they may seek to call to testify and any exhibits they may seek to introduce into evidence at the Fairness Hearing. Any Party has the right to object to any testimony or other evidence that a person objecting to the Settlement seeks to introduce.

18.    Unless the Court otherwise directs, no member of the Class or other person shall be entitled to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for a Fee and Expense Award, or otherwise be heard at the Fairness Hearing, except by filing and serving written objections as described above and following the objection procedure in the Notice. Any person who does not object in the manner prescribed above shall be deemed to have waived such objection in this or any other action or proceeding and shall be bound by all of the terms and

provisions of the Settlement Agreement, and by all proceedings, rulings, orders, and judgments in this Action.

19. No Person that is not a Lead Plaintiff, Class Member, Plaintiffs' Counsel, or the Claims Administrator shall have any right to any portion of the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Settlement Agreement.

20. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement, the Plan of Allocation, and/or further order(s) of the Court.

21. All papers in support of the Settlement, the Plan of Allocation, and/or Lead Counsel's application for a Fee and Expense Award shall be filed and served no later than seven (7) days prior to the Fairness Hearing.

22. Neither this Order, the Settlement Agreement (whether or not it is consummated and whether or not it is terminated), nor any of their provisions, nor any negotiations, proceedings or agreements relating to the Settlement Agreement and the Settlement, nor any matter arising in connection with such negotiations, proceedings or agreements, nor any act performed or document executed pursuant to or in furtherance of this Settlement Agreement: (i) is or may in any event be deemed or construed to be or may be offered or received in evidence or used as or deemed to be an admission or evidence of a presumption, concession or admission by any Defendant of the truth of any fact alleged in the Complaint or the validity of any Released Claim or of any wrongdoing, liability, negligence or fault by any Defendant, or a presumption, concession or admission by any Plaintiff as to the infirmity of any fact alleged in the Complaint, viability of any Released Claim, or lack of wrongdoing, liability, negligence or fault by any Defendant; (ii) is or may be deemed to be or may be referred to or used as an admission or evidence of a presumption, concession or admission

with respect to any fault or omission, or lack thereof, of the Defendants, or for any other reason, in any civil, criminal, arbitration or administrative action or proceeding in any court, arbitration, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate, effectuate or enforce any of the provisions of the Settlement Agreement, the Settlement or the Final Judgment; (iii) is or may be used as an admission or evidence that Lead Plaintiffs' claims in the Action did not have merit; (iv) is or may be used or construed against any Party as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered by Plaintiffs after trial; (v) is or may be used or construed or received in evidence as an admission, concession or presumption by Defendants that any damages were recoverable under the Complaint or by Lead Plaintiffs that the damages recoverable under the Complaint would not have exceeded the Settlement Fund. Defendants may file the Settlement Agreement in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. Any Party may file the Settlement Agreement in any action that may be brought to enforce the terms of the Settlement Agreement.

23.   At or after the Fairness Hearing, the Court shall determine whether the Plan of Allocation and Lead Counsel's application for a Fee and Expense Award shall be approved. Neither Defendants nor Defendants' Counsel shall have any responsibility for, or any liability whatsoever with respect to, any Plan of Allocation of the Net Settlement Fund or any application for a Fee and Expense Award. Such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. The Court may approve the Settlement with such modifications as may be agreed to, in writing, by the Parties, if appropriate, without further notice to the Class.

<strong>Case 1:01-cv-10911-EFH Document 174 Filed 01/09/06 Page 11 of 11</strong>

24. This Court shall have exclusive jurisdiction over this Action, the implementation, administration and enforcement of the Settlement, the determination of all disputed questions of law and fact with respect to the validity of any claim or right of any person to participate in the distribution of the Net Settlement Fund, and any other matters arising out of or connected with the Settlement.

IT IS SO ORDERED.

Dated: 1-9-06

HON. EDWARD F. HARRINGTON, JR.
UNITED STATES DISTRICT JUDGE